**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-20093
Summary Calendar
_____


IN THE MATTER OF:
CHEMICAL PLANTS SERVICES INC.,

                                        Debtor.


C. BRUCE SLEDD,

                                        Appellant,

                VERSUS

        W. STEVE SMITH, Trustee,

                                        Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-1215)
_____

August 7, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


        C. Bruce Sledd and C. Bruce Sledd & Associates (collectively,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

"Sledd") appeal *pro se* a summary judgment ordering that certain professional fees paid to Sledd pursuant to 11 U.S.C. § 327(a) be returned to the trustee of a chapter 7 bankruptcy estate (the "Trustee"). Concluding that the action is barred by the two-year statute of limitations, we reverse and remand.

I.

In October 1989 the debtor, Chemical Plant Services, Inc. (the "Debtor"), filed, on behalf of Sledd, an application for employment as a management consultant, *nunc pro tunc*, pursuant to § 327(a). Finding, among other things, that Sledd was a "disinterested person" pursuant to 11 U.S.C. § 101, the bankruptcy court approved the application for Sledd to perform professional services.[1] The court's order required, however, that all payments to Sledd be authorized by the court prior to disbursement.

The Trustee filed the instant action in June 1994, alleging that Sledd had received monies from the Debtor in exchange for professional services without obtaining the court's prior approval. The bankruptcy court granted the Trustee's motion for summary judgment, finding that Sledd had received from the post-petition estate payments of $49,749.74 without authorization, that he was

---

[1] According to an exhibit attached to the court's order, Sledd was supposed to provide "professional services on a best efforts basis, in the following business activities: collection of monies due from customers and insurance companies; cost reductions in insurance, direct labor and administrative staff; review reported claims for accuracy and eliminate unsupported claims; confer with potential investors; and review documentation for court reports."

not a "disinterested" party, and that he had misrepresented his expertise in working with environmental waste companies. The court ordered that the funds be disgorged and that Sledd pay pre- and post-petition interest on the outstanding balance. The district court affirmed.

## II.

We review a grant of summary judgment *de novo*. *See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

### A.

Sledd argues first that this action for recovery of post-petition assets is barred by the two-year statute of limitations of 11 U.S.C. § 549(d).[2] It is undisputed that Sledd did not receive any contested payments from the Debtor later than March 1990 and

---

[2] Section 549(d) provides:

An action or proceeding under this section may not be commenced after the earlier ofSS

    (1) two years after the transfer sought to be avoided; or

    (2) the time the case is closed or dismissed.

that the Debtor's counsel (while the Debtor was acting as debtor in possession) wrote Sledd in October 1991 demanding return of the approximately $50,000 received as an alleged post-petition transfer. The instant action to recover the monies was not filed by the Trustee until July 1994, well after the applicable statute of limitations had run.

The Trustee argues, however, that § 549(d) does not begin running until the bankruptcy trustee becomes aware of the improper conveyance.[3] Although the Trustee was appointed in January 1993, he avers that he did not learn of the improper conveyance until "sometime in 1994," when his accountant found the October 1991 correspondence from the Debtor's attorneys to Sledd directing him to return the payments. According to the Trustee, he filed the instant action within one year of this discovery.

Although we do not doubt the Trustee's diligence, the statute of limitations for bringing actions pursuant to § 549 begins to run from "the date of the transfer sought to be avoided," 11 U.S.C. § 549(d)(1), not from the date of the appointment of the trustee.[4]

---

[3] *See, e.g.*, *Olsen v. Zerbetz* (*In re Olsen*), 36 F.3d 71, 73 (9th Cir. 1994) (noting that "[b]ecause the trustee remained in the dark without any fault or want of due diligence or care on his part, the statute did not begin running until he discovered the conveyance") (internal quotes and citations omitted).

[4] *See Weld v. Robert A. Sweeney Agency, Inc.* (*In re Patton's Busy Bee Disposal Serv.*), 182 B.R. 681, 688 (Bankr. W.D.N.Y. 1995); *Sapir v. Hudson Realty Co.* (*In re Rosalind Gardens Assocs.*), 157 B.R. 75, 82 (Bankr. S.D.N.Y. 1993). In contrast, the statute of limitations for preference and fraudulent transfer causes of actions, among others, begins to run from the appointment of the trustee, where one is in fact appointed. *See* 11 U.S.C. § 546(a)(1); *Johnson Southwest, Inc. v. Harbert Energy Corp.* (*In re Johnson Southwest, Inc.*), 205 B.R. 823, 825 (N.D. Tex. 1997).

Thus, the statute of limitations for the § 549 action began to run from March 1990SSthe date of the transfer sought to be avoidedSSand expired on March 1992; the appointment of the Trustee in January 1993 did not re-start the § 549 limitations period.[5]

### B.

Finally, the Trustee contends that 11 U.S.C. § 328(c), which permits the court to deny compensation to a professional person employed under § 327 if, at any time during the person's employment, he is not a "disinterested" person or has interests adverse to the estate, is self-executing and not subject to a statute of limitations.  The Trustee does not cite any authority for this proposition, nor are we aware of any.  In any event, the instant action is not one in which the court is denying compensation, but rather is an action for recovery of post-petition assets actually paid from the estate, and, therefore, is subject to the § 549(d) statute of limitations.

Because the instant action is time-barred, we REVERSE the summary judgment and REMAND for appropriate proceedings.

---

[5] *Compare Johnson Southwest*, 205 B.R. at 825 (noting that the § 546(a)(1) statute of limitations re-commences upon the appointment of a trustee in place of the debtor in possession and runs for two years thereafter).